**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DIANN HARDNETT,

        Plaintiff,                             Case No. 04-73815

vs.                                          HONORABLE DENISE PAGE HOOD

JOHN E. POTTER, POSTMASTER
GENERAL UNITED STATES,

        Defendant.

_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

    This matter is before the Court on Defendant's Motion for Summary Judgment filed February 2, 2006. There has been no response to the Defendant's Motion.

    Plaintiff Diann Hardnett [hereinafter "Plaintiff"] filed her Complaint on October 27, 2004 for age discrimination against Defendant John E. Potter in his capacity as Postmaster General of the United States of America [hereinafter "Defendant"].

    In his Motion, the Defendant asks this Court to grant the Motion for Summary Judgment claiming Plaintiff cannot establish a prima facie case of age discrimination. In the alternative, the Defendant asserts that even if Plaintiff could establish a prima facie case, the Defendant has articulated several nondiscriminatory reasons for its actions.

For the reasons stated herein, this Court GRANTS Defendant's Motion for Summary Judgment and DISMISSES Plaintiff's Complaint.

## II. STATEMENT OF FACTS

**Background**

In 1972, Plaintiff was hired by the United States Postal Service as a distribution clerk at the Detroit Main Post Office. (Pl.'s Comp. at 1; Def.'s Mot. for Summ. J. at 1). In 1974, Plaintiff suffered a severe back injury at the job when she slipped and fell. (Pl.'s Comp. at 1; Def.'s Mot. for Summ. J. at 1). Due to the severity of the injury, Plaintiff applied for and received disability from the Office of Workers' Compensation Programs [hereinafter "OWCP"] from 1974 through 1996. (Pl.'s Comp. at 1-2). On February 3, 1996, the OWCP terminated Plaintiff's benefits as it was determined that she was no longer disabled. (Pl.'s Comp. at 1). Plaintiff requested reconsideration of this decision and the decision was upheld by the Employee Compensation Appeals Board. (Pl.'s Comp. at 2). On February 7, 2000, Plaintiff sought reinstatement with the United States Postal Service. (Pl.'s Comp. at 2). Plaintiff was advised that she needed a letter from OWCP stating that she could return to work and did not have any residuals from her injury. (Def.'s Mot. for Summ. J. at 2). On August 14, 2000, Plaintiff spoke to a human resources associate for the United States Postal Service and expressed interest in employment. (Def.'s Mot. for Summ. J. at 2). Plaintiff was told that the United States Postal Service would have to retrieve her personnel file. (Def.'s Mot. for Summ. J. at 2). On November 15, 2000, Plaintiff sent the human resources associate a letter requesting reinstatement to various clerk positions. (Def.'s Mot. for Summ. J. at 2). Postal officials retrieved Plaintiff's personnel file and learned that she had been previously terminated for being Absent Without Official Leave [hereinafter "AWOL"]. (Def.'s Mot. for Summ. J. at 2). The United

States Postal Service sent Plaintiff a letter dated February 28, 2001 stating that her request for employment could not be favorably considered because, as a manner of policy, the United States Postal Service refuses employment to persons who were removed for cause. (Def.'s Mot. for Summ. J. at 2-3). With the assistance of a union steward, Plaintiff established that the AWOL charge had been erroneously placed in her personnel file. (Def.'s Mot. for Summ. J. at 3). In April of 2001, the human resources associate that Plaintiff had been working with was reassigned to other duties and no longer processed reinstatement requests. (Def.'s Mot. for Summ. J. at 3). Plaintiff alleges that during a conversation between the union steward and the human resources associate, the human resources associate said to the union steward, "after all she's (referring to Plaintiff) been away for 27 years and may be ready to retire." (Pl.'s Comp. at 6). Plaintiff considers this statement to demonstrate evidence of age discrimination. (Pl.'s Comp. at 6). On April 27, 2001, the United States Postal Service implemented a nationwide hiring freeze for mail processing and distribution clerks. (Def.'s Mot. for Summ. J. at 3). On May 8, 2001, Plaintiff sent a letter to the Manager of Human Resources stating that it was her understanding, based upon a conversation with the union steward, that he had agreed to allow her to return to work. (Def.'s Mot. for Summ. J. at 3). Plaintiff further indicated in her letter to the Manager of Human Resources that when she contacted Ms. Linda Stokes to inquire about a possible starting date, Ms. Stokes was unaware of the Human Resource Manager's statement. (Def.'s Mot. for Summ. J. at 3). In May 2001, Mr. Lee Ward became the Manager of Personnel Services of Defendant United States Postal Service and became involved in Plaintiff's reinstatement process. (Def.'s Mot. for Summ. J. at 3). On June 22, 2001, Mr. Ward sent a letter to Plaintiff stating that her request for reinstatement was accepted subject to lifting the hiring freeze. (Def.'s Mot. for Summ. J. at 3). Plaintiff was offered a temporary position

3

which she rejected.  (Pl.'s Comp. at 8; Def.'s Mot. for Summ. J. at 3).  In August 2002, a human resources associate contacted Plaintiff and offered her a position as a career letter carrier.  (Def.'s Mot. for Summ. J. at 3).  Plaintiff alleges that she injured her right leg a week prior to the job offer, stated that she was interested in the position, and requested that the Defendant keep the job open until she recovered.  (Pl.'s Comp. at 9).  Plaintiff alleges that the human resources associate indicated that the Defendant would not hold the position open.  (Pl.'s Comp. at 9).  The Defendant alleges that Plaintiff failed to appear for the intake process and all career letter carrier positions were subsequently filled by the United States Postal Service.  (Def.'s Mot. for Summ. J. at 3-4).

Plaintiff contacted an Equal Employment Opportunity counselor on June 29, 2001 stating that she had been discriminated against by the United States Postal Service.  (Def.'s Mot. for Summ. J. at 4).  Following the conclusion of the Equal Employment Opportunity counseling process, Plaintiff filed a complaint with the Equal Employment Opportunity Commission [hereinafter "EEOC"].  (Def.'s Mot. for Summ. J. at 4).  On June 29, 2004, the EEOC determined that the Defendant did not discriminate against the Plaintiff on the basis of age.

### III.  STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the

evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact."  *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV.  ANALYSIS

A hearing was held on Defendant's Motion for Summary Judgment on April 12, 2006 at 4:00 P.M.  Counsel for the Defendant was present, but Plaintiff did not appear.  On September 19, 2005, a Scheduling Conference was held at which Plaintiff indicated that she had just retained an attorney. No attorney has filed an appearance on Plaintiff's behalf to date.  Plaintiff has not filed a witness list or provided answers to any discovery requests.  The deadline for discovery was January 19, 2006.  Defense Counsel indicated at the hearing that she contacted Plaintiff on February 2, 2006, the date of the filing of the instant motion in order to seek concurrence pursuant to Local Rule 7.1.

Since Plaintiff has not responded to the instant Motion or any discovery requests, this Court grants the Defendant's Motion for Summary Judgment and dismisses Plaintiff's Complaint without prejudice.  **V.  CONCLUSION**

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 17, filed February 2, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint **[Docket No. 6, filed October 27, 2004]** is DISMISSED without prejudice.

Dated: April 13, 2006                                          /S/ DENISE PAGE HOOD
Detroit, Michigan                                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2006, by electronic and/or ordinary mail.

                                                                                    s/William F. Lewis
                                                                                    Case Manager